UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLEMENT BROWN, JR.,
an individual resident of the State of Michigan,

    Plaintiff,

Case No. 08-14572

v.

Hon. John Corbett O'Meara

THE FUNKTIONWEAR, INC., doing business as
D.S. SALES CO., a California corporation,

    Defendant.
_____/

**ORDER DENYING PLAINTIFF'S MOTION
FOR DEFAULT JUDGMENT AND GRANTING
DEFENDANT'S MOTION TO SET ASIDE DEFAULT**

Before the court is Plaintiff's motion for default judgment, filed December 11, 2008. In response, Defendant filed a motion to set aside the entry of default on March 3, 2009.

Plaintiff filed this copyright infringement action on October 28, 2008, against The FunKtionwear, Inc., d/b/a D.S. Sales Co ("TFI"). Defendant failed to respond to the complaint or Plaintiff's motion for a preliminary injunction. The court entered an order granting Plaintiff's motion for a preliminary injunction on December 4, 2008.

TFI is owned by Dae Joon Choe, a Korean-American resident of California. Around the time this action was filed, Choe's wife died. Understandably, Choe was preoccupied with matters related to his wife's death at that time. In early December, Choe began searching for counsel to represent him in this matter, in particular one who could communicate with him in his first language, Korean. He contacted John Y. Lee, a Korean-American intellectual property attorney in Chicago, on December 16, 2008. The next day, Lee contacted Plaintiff's counsel on

behalf of Choe and TFI and requested an extension of time to investigate the claim, allow TFI to seek insurance coverage, seek local counsel, and respond to the complaint. Plaintiff's counsel agreed to that and other extensions of time, and has submitted three stipulated orders to that effect to the court since.

Fireman's Fund insurance company agreed to defend TFI on February 11, 2009; TFI retained local counsel in Michigan on February 13, 2009. Defendant requested that Plaintiff withdraw the motion for default judgment, to no avail.

Rule 55(c) of the Federal Rules of Civil Procedure provides that "[f]or good cause shown the court may set aside an entry of default, and if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)." When a defendant seeks relief from an entry of default, the court considers three equitable factors to determine if "good cause" has been shown: "(1) whether culpable conduct of the defendant led to the default, (2) whether the defendant has a meritorious defense, and (3) whether the plaintiff will be prejudiced." Burrell v. Henderson, 434 F.3d 826, 831 (6th Cir. 2006).

Defendant has demonstrated good cause for setting aside the default in this case. Defendant's delay in responding was due to excusable neglect. TFI has since demonstrated diligence and good faith in responding to this action. The company has raised meritorious defenses, including a lack of personal jurisdiction. Plaintiff will not be prejudiced by the relatively brief delay in reaching the merits of this matter, which is preferred to adjudication by default.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's motion for default judgment is DENIED.

IT IS FURTHER ORDERED that Defendant's motion to set aside the clerk's entry of default is GRANTED.

          s/John Corbett O'Meara
          UNITED STATES DISTRICT JUDGE

Date: March 27, 2009

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, March 28, 2009, by electronic and/or ordinary mail.

          s/William Barkholz
          Case Manager