UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLEMENT BROWN, JR.

       Plaintiff,                               Case No. 08-14572

v.                                               Hon. John Corbett O'Meara

THE FUNKTIONWEAR, INC.,
d/b/a D.S. SALES CO.,

       Defendant.
_____/

**ORDER GRANTING DEFENDANT'S MOTIONS TO
DISMISS AND TO FILE REVISED EXHIBIT**

Before the court is Defendant's motion to dismiss or transfer, filed March 3, 2009. Plaintiff filed a response on May 29, 2009; Defendant submitted a reply brief on June 5, 2009. Defendant also filed a motion for leave to file a revised affidavit on May 8, 2009, to which Plaintiff responded on May 18, 2009. The court heard oral argument on August 13, 2009, and took the matter under advisement. For the reasons discussed below, Defendant's motions are granted.

**BACKGROUND FACTS**

Plaintiff Clement Brown, Jr., filed his complaint on October 28, 2008, alleging that The Funktionwear, Inc. ("TFI") engaged in copyright infringement and unfair competition by selling garments that infringe on his "Laundry Money" design. In the complaint, Plaintiff, a Michigan resident, contends that he purchased the allegedly infringing t-shirts from TFI while at a trade show in Las Vegas, Nevada. TFI is a California corporation with its principal place of business in California. TFI does not have property, offices, or employees in Michigan. Seeking dismissal

or transfer, TFI contends that the court lacks personal jurisdiction over it and that venue is improper.

In support of its motion, TFI submitted the affidavit of its owner and president, Dae Joon Choe, who stated that "The Funktionwear, Inc. does not sell or ship goods directly to any Michigan customer.  To the extent any Funktionwear customer resides in Michigan, I am unaware of that fact and was unaware of that fact at the time any sale was made outside of Michigan." Def.'s Ex. A at ¶ 10.  With leave of the court, Plaintiff conducted limited discovery as to whether TFI ships goods to Michigan.  Plaintiff obtained two invoices from Mr. Alan's Men's Bootery in Pontiac, Michigan, showing that TFI did ship approximately $9,000 worth of merchandise to that store in November 2007.  It does not appear from the face of the invoices that the merchandise infringes on Plaintiff's Laundry Money design.

In response to the invoices, TFI seeks leave to submit a revised affidavit from Dae Joon Choe, explaining in more detail the nature of its business.  According to Choe, TFI primarily sells its goods through a retail store in Oakland, California.  In addition, Choe regularly travels to trade shows around the country on TFI's behalf.  Choe has not attended any trade shows in Michigan.  TFI sells items on a wholesale basis at the trade shows.  At these trade shows, TFI regularly sells merchandise on hand to buyers without collecting information about the buyers' locations.  TFI also accepts orders for goods to be shipped from its warehouse or from one of its distributors.  Choe believes that the orders from Mr. Alan's Bootery were transmitted to TFI at a trade show outside of Michigan, because TFI does not advertise in or solicit business from Michigan.

Choe further states that, for the last five years, its annual sales revenue was

approximately two to three million dollars. Choe contends that, to the extent TFI has sold merchandise to customers located in Michigan, such sales were initiated at trade shows outside of Michigan. Choe believes that over the last ten years, TFI has engaged in transactions with thirty or fewer entities that have locations in Michigan, meaning approximately three or fewer per year. Choe contends that TFI does not "regularly or customarily ship or sell any goods directly to Michigan customers." Revised Affidavit at ¶ 30.[1] Choe further testifies that TFI is not licensed to do business in Michigan, is not listed in any Michigan phone book or directory, and does not own or maintain a website.

## LAW AND ANALYSIS

Personal jurisdiction can be general, where the defendant has continuous and systematic contact with the forum state, or limited (also known as specific), where the subject matter of the lawsuit is related to the defendant's contacts with the forum state. See Sports Auth. Mich. Inc. v. Justballs, Inc., 97 F. Supp. 2d 806, 810 (E.D. Mich. 2000) (Woods, J.). In Michigan, courts have general jurisdiction over a corporation when it incorporates under Michigan laws, consents to be sued in Michigan, or carries on a "continuous and systematic part of its general business within the state." M.C.L. § 600.711.

Plaintiff argues that the court has general personal jurisdiction over TFI because Choe admitted that TFI engaged in transactions with Michigan-based customers approximately thirty

---

[1] Plaintiff contends that Choe's original statement that "TFI does not sell or ship goods directly to any Michigan customer" is false. Defendant responds that Choe meant that he did not sell directly to "customers *in Michigan*" whereas Plaintiff took it to mean "customers who reside in Michigan." Defendant seeks to file an amended affidavit to clarify this ambiguity. Viewing the original and revised affidavits in context, it does not appear that they are inconsistent. The court will grant Defendant leave to file the revised affidavit.

times over the last ten years.  In light of all the facts, however, this is insufficient to confer general personal jurisdiction in Michigan.  See Hi-Tex, Inc. v. TSG, Inc., 87 F. Supp. 2d 738, 742-43 (E.D. Mich. 2000) (Duggan, J.).  TFI does not solicit business in Michigan, but has sold products to Michigan residents at trade shows outside of Michigan.  TFI estimates that sales to Michigan-based customers constitute less than one percent of its annual revenue.  TFI does not have an office or employees in Michigan and does not advertise in Michigan.  TFI's business contacts with Michigan are not "continuous and systematic" enough to create general personal jurisdiction.  See id. (finding no general jurisdiction over defendant that provided fabric finishing services to Michigan customers outside of Michigan, where such services constituted less than one percent of its business).

Plaintiff also contends that the court may exercise specific personal jurisdiction over TFI.  In analyzing specific jurisdiction, the court must engage in a two-step process: "(1) first, the court must determine whether any of Michigan's relevant long-arm statutes authorize the exercise of jurisdiction over Defendants; and, if so, (2) the court must determine whether exercise of that jurisdiction comports with constitutional due process." Air Products and Controls, Inc. v. Safetech Int'l, Inc., 503 F.3d 544, 550 (6th Cir. 2007).  See also Green v. Wilson, 455 Mich. 342, 350-52 (1997).  Plaintiff appears to argue that the applicable long-arm statute is satisfied because TFI has conducted "[t]he transaction of any business within the state." M.C.L. § 600.715 (corporations; limited personal jurisdiction).  To the extent this provision is satisfied, however, an exercise of personal jurisdiction over TFI would not comport with due process.

Three criteria must be met to satisfy due process concerns:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

LAK, Inc. v. Deer Creek Enter., 885 F.2d 1293, 1299 (6th Cir. 1989) (quoting Southern Machine Co. v. Mohasco Indus. Inc., 401 F.2d 374, 381 (6th Cir. 1968)). The first criterion – a showing that the defendant has "purposefully availed itself of the privilege of transacting business" in the forum state, thus invoking the benefits and protections of its laws – is "the *sine qua non* for *in personam* jurisdiction." Id. (quoting Mohasco, 401 F.2d at 381-82). The "purposeful availment" prong is satisfied by the "kind of substantial relationship with the forum state that invokes, by design, 'the benefits and protections of its laws' as opposed to a mere 'collateral relation to the forum state.'" Id. (citations omitted).

TFI has not sought the "benefits and protections" of Michigan law. It has not "reached out" to transact business *in* Michigan, but rather has sold products to Michigan-based customers at trade shows *outside of* Michigan.[2] This is not the "kind of substantial relationship" with Michigan that is sufficient to satisfy the "purposeful availment" prong of the due process test. See Sports Authority Mich., Inc. v. Justballs, Inc., 97 F. Supp.2d 806, 812 (E.D. Mich. 2000) ("Michigan case law suggests that a business transaction, conducted as a result of information

---

[2] Eastman Outdoors, Inc. v. Serene Innovations, Inc., 2008 WL 1735329 (E. D. Mich. April 11, 2008) (Rosen, J.), relied upon by Plaintiff, is distinguishable. In that case, the defendant reached out to a Michigan company to purchase the company's product from Michigan. The defendant then copied the product and attempted to sell it at a trade show in Las Vegas. There is no evidence here that Defendant transacted business with Plaintiff or another Michigan company *in Michigan*.

gathered at a show held in another state is insufficient to constitute purposeful availment.")(citing Gooley v. Jefferson Beach Marina, Inc., 177 Mich. App. 26, 29-32, 441 N.W.2d 21 (1989)); Hi-Tex, 87 F. Supp. 2d at 744 (textile finisher that provides services in North Carolina and Pennsylvania for Michigan-based customers, but that did not solicit such business, did not satisfy "purposeful availment' prong).  Because Plaintiff cannot show that the "purposeful availment" prong is satisfied, the court finds that an exercise of personal jurisdiction over TFI would not comport with due process.  Accordingly, the court will dismiss this action for lack of personal jurisdiction.

## ORDER

IT IS HEREBY ORDERED that Defendant's motion to file revised exhibit is GRANTED.

IT IS FURTHER ORDERED that Defendant's motion to dismiss is GRANTED.

s/John Corbett O'Meara
United States District Judge

Date:  August 18, 2009

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, August 18, 2009, by electronic and/or ordinary mail.

s/William Barkholz
Case Manager